Dale FOX, Plaintiff—Appellant,

v.

Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 01–56476.

D.C. No. CV–00–11014–CT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided July 31, 2002.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before WARDLAW and BERZON, Circuit Judges, and ISHII,* District Judge.

### MEMORANDUM**

Dale Fox appeals the district court's decision affirming the Commissioner of Social Security's affirmance of the Administrative Law Judge's denial of disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fox first contends that the Commissioner's denial of benefits was unsupported by substantial evidence because the ALJ

failed to explain the discrepancy between the vocational expert's testimony that Fox, who cannot use his dominant arm repetitively, could perform work as a cashier or housekeeper, and the Dictionary of Occupational Title's ("DOT") definition of these jobs as involving frequent reaching and handling. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 791, 793–94 (9th Cir.1997) (holding that substantial evidence did not support Commissioner's denial where neither the ALJ nor the vocational expert explained the contradiction between the expert's testimony and the DOT). We disagree. The expert specifically eroded the number of available cashier and housekeeper jobs to exclude those requiring repetitive use of a dominant arm. *See Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995) (holding that ALJ may rely on expert testimony even if it is inconsistent with the DOT's job descriptions).

Fox next argues that the district court erred in relying on the "significant number of jobs" test to determine disability because that test was rendered obsolete by the 2000 amendments to 20 C.F.R. §§ 404.1563(a), (c), (d) (now 20 C.F.R. §§ 404.1563(a), (d), (e)). *Compare* § 404.1563(a) (1999) (finding no disability "[i]f you are unemployed because of your age and you can still do a significant number of jobs") *to* § 404.1563(a) (2001) (finding no disability "[i]f you are unemployed but you still have the ability to adjust to other work"). Although the amendments deleted the "significant number" language, Fox's argument fails because Congress did not intend to eliminate the test, which remains extant in both the Social Security Act and in other sections of the regulations. 65 Fed. Reg. 17994, 17995–6, 17999 (Apr. 6, 2000); *see* 42 U.S.C.

* The Honorable Anthony W. Ishii, United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as Ninth Circuit Rule 36–3 may provide.

§ 423(d)(2)(A) (defining "substantial gainful work which exists in the national economy" as "work which exists in significant numbers"); 20 C.F.R. § 404.1560(c) (defining "other work" as "jobs that exist in significant numbers in the national economy").

Fox's final argument that the ALJ did not follow proper procedure in determining whether Fox could adjust to work other than his prior occupation also fails. He contends that because he is over 50 years old and the expert identified only two possible jobs for him, the ALJ should have (1) compared his profile to that of a similarly situated person considered disabled under the Medical–Vocational Guidelines; or (2) concluded that he is disabled because his age prevents him from making the adjustment to a new occupation. However, the ALJ followed proper procedure by first consulting the Guidelines as a framework, and then relying on expert testimony for a more individualized determination of whether Fox could perform other work. *See Thomas v. Barnhart,* 278 F.3d 947, 960 (9th Cir.2002) ("When they do not adequately take into account claimant's abilities and limitations, the [Guidelines] are to be used only as a framework, and a vocational expert must be consulted."); *Moore v. Apfel,* 216 F.3d 864, 869 (9th Cir.2000) ("When the [Guidelines] do not completely describe the claimant's abilities and limitations, ... the grids are inapplicable and the ALJ must take the testimony of a [vocational expert]."). As the hypothetical propounded to the vocational expert included Fox's age, the ALJ properly relied on the vocational expert's testimony with regard to whether Fox could perform other work.

**AFFIRMED.**

